1
2
3
4

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JORLANET ALICEA-DIAZ, et al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 3:14-CV-01871 (JAF)

5
6

**OPINION AND ORDER**

7        On May 9, 2014, plaintiffs Jorlanet Alicea-Díaz ("Alicea") and Janet Díaz-Pizarro

8    ("Díaz") brought a federal tort action against defendant United States of America ("the

9    Government"), seeking damages from an injury that Alicea had allegedly suffered on

10    January 14, 2012, due to the negligent maintenance of National Park Service land in San

11    Juan, Puerto Rico.  (14-CV-01378, ECF No. 1.)  On September 30, 2014, Judge Carmen

12    Consuelo Cerezo dismissed the action without prejudice for failure to serve process on

13    the Government within the 120 days that Federal Rule of Civil Procedure 4(m) provided

14    at the time.  (14-CV-01378, ECF No. 7.)  On October 9, 2014, plaintiffs moved the court

15    to reconsider the dismissal.  (14-CV-01378, ECF No. 9.)  On July 23, 2015, Judge Cerezo

16    denied the motion.  (14-CV-01378, ECF No. 10.)

17        On December 2, 2014, plaintiffs commenced this action by refiling their complaint

18    from the earlier action, changing only the date on the signature page.  (ECF No. 1.)  On

19    June 25, 2015, the Government answered the complaint, alleging, among other things,

20    that Díaz had failed to perform the condition precedent of filing an administrative claim

21    and that the Government had denied Alicea's administrative claim by a certified mailing

Civil No. 3:14-CV-01871 (JAF)                                                    -2-

1    sent on November 3, 2013.  (ECF No. 19 ¶ 18.)  On December 31, 2015, the Government

2    moved the court to dismiss Díaz's claim due to her alleged failure to exhaust her

3    administrative remedies.  (ECF No. 25.)  Under Local Rule 7(b), if the party opposing a

4    motion fails to object to it in writing within fourteen days of its service, "the opposing

5    party shall be deemed to have waived objection" to the motion.  L.Cv.R. 7(b).  As of the

6    date of this opinion, nearly one month after service of the Government's partial motion to

7    dismiss, plaintiffs have failed to object or in any way respond to the motion.  Thus, the

8    court finds that plaintiffs have waived any and all objections to the motion.

9          Plaintiffs have brought this action under the Federal Tort Claims Act ("the Act"),

10   28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*  (ECF No. 1 ¶ 1.)  The Act "provides that a tort

11   claim against the United States 'shall be forever barred' unless it is presented to the

12   'appropriate Federal agency within two years after such claim accrues' and then brought

13   to federal court 'within six months' after the agency acts on the claim."  *United States* v.

14   *Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (*quoting* 28 U.S.C. § 2401(b)).  These

15   "time bars are nonjurisdictional and subject to equitable tolling."  *Id.* at 1638.

16         Under the Act, a "prior administrative denial" of a plaintiff's claim is "a condition

17   precedent to suit."  *Rodrigue* v. *United States*, 968 F.2d 1430, 1431 (1st Cir. 1992) (*citing*

18   28 U.S.C. § 2675).  Under Federal Rule of Civil Procedure 9(c), "[i]n pleading conditions

19   precedent, it suffices to allege generally that all conditions precedent have occurred or

20   been performed."  Fed. R. Civ. P. 9(c); *see also Walton* v. *Nalco Chem. Co.*, 272 F.3d 13,

21   21 (1st Cir. 2001).  Here, plaintiffs have made such a general allegation, averring that

22   "[a]ll conditions precedent required of [them] prior to bringing this action have occurred

Civil No. 3:14-CV-01871 (JAF)                                                    -3-

1    or have been met, including . . . filing their administrative claims for sums certain with

2    the [National Park Service] on June 25, 2013."  (ECF No. 1 ¶¶ 15-16.)  The Government

3    concedes that Alicea "filed an administrative claim on June 25, 2013," with, presumably,

4    the appropriate federal agency.  (ECF No. 25 at 1.)  The Government contests only

5    whether Díaz properly filed an administrative claim as well.  (ECF No. 25 at 1, 3.)

6          The Government's claim that Díaz failed to perform a condition precedent and,

7    thus, is barred from suit, is an affirmative defense.  *See Walton*, 272 F.3d at 21-22 &

8    n.14.   An affirmative defense "will support a motion to dismiss only where it is

9    (1) definitively ascertainable from the complaint and other sources of information that are

10   reviewable at this stage, and (2) the facts establish the affirmative defense with

11   certitude."  *Citibank Global Mkts., Inc.* v. *Santana*, 573 F.3d 17, 23 (1st Cir. 2009) (*citing*

12   *Gray* v. *Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008)).   Here, as

13   noted above, plaintiffs claim that they both filed an administrative claim with the

14   National Park Service, whereas the Government alleges that only Alicea filed a claim.

15   This presents a genuine dispute of material fact that cannot be resolved on a motion to

16   dismiss, where we must "accept as true all of [plaintiffs'] well-pleaded facts and draw all

17   reasonable inferences in the light most favorable to [them]."  *See id*. at 23 (*citing Gray*,

18   544 F.3d at 324).   Accordingly, the Government's motion to dismiss Díaz's claim is

19   unavailing.

20         Looking ahead, the court notes another factual dispute of potentially dispositive

21   importance.  Plaintiffs allege that the National Park Service "has not yet notified [them]"

22   about whether their administrative claims have been "granted or denied."  (ECF No. 1

Civil No. 3:14-CV-01871 (JAF)                                                    -4-

1    ¶ 19.)   Plaintiffs argue that this alleged two-and-one-half-year-long "non-response"

2    should not preclude them from suing in court.  (ECF No. 1 ¶ 20.)  This allegation is

3    significant because "[a] tort claim against the United States 'shall be forever barred . . .

4    unless action is begun within six months after the date of mailing . . . of notice of final

5    denial of the claim by the agency to which it was presented."  *Roman-Cancel* v. *United*

6    *States*, 613 F.3d 37, 41 (1st Cir. 2010) (*quoting* 28 U.S.C. § 2401(b)).  Equally significant

7    is the Government's answer in opposition to that allegation, where the Government states

8    that "on November 3, 2013, a decision denying the claim of [Alicea] was mailed to her,

9    via Certified Mail . . . , to the address specified in her administrative claim, and [a receipt

10   of delivery] was returned."  (ECF No. 19 ¶¶ 18-19.)  If the Government can substantiate

11   that allegation, it would appear that, absent tolling, the May 9, 2014, filing of plaintiffs'

12   complaint in the first action was slightly untimely and the December 2, 2014, filing of the

13   complaint in this action was rather untimely.  This appears to be a dispute that can be

14   easily resolved on a future motion upon presentation of the right evidence.

15        In sum, the court **DENIES** the Government's partial motion to dismiss, filed under

16   ECF No. 25, on the ground that their affirmative defense of Díaz's failure to perform a

17   condition precedent cannot be established with certitude at the pleadings stage.

18        **IT IS SO ORDERED.**

19        San Juan, Puerto Rico, this 29th day of January, 2016.

20                                        S/José Antonio Fusté
21                                        JOSE ANTONIO FUSTE
22                                        U. S. DISTRICT JUDGE